**WILDER et al. v. NEW YORK LIFE INS. CO.**

No. 5142.

Circuit Court of Appeals, Seventh Circuit.

Dec. 12, 1935.

Rehearing Denied Jan. 31, 1936.

Sylvanus George Lee and Jacob G. Grossberg, both of Chicago, Ill., for appellants.

Edwin S. Mack, Arthur W. Fairchild, and Bert Vandervelde, all of Milwaukee, Wis., for appellee.

Before EVANS, SPARKS, and ALSCHULER, Circuit Judges.

This action was brought to recover on a life insurance policy. At the conclusion of the trial the court denied plaintiffs' and granted defendant's unqualified motion for a directed verdict. Judgment was thereupon entered dismissing the action, and this appeal followed.

EVANS, Circuit Judge.

Defendant asserts several grounds as justifiable bases for the court's action. We need not consider all of them, but direct our attention to the two which deal

with alleged false statements made by the insured at or before delivery of the policy. A written application for the insurance policy was made October 22, 1929. The policy was dated December 2, 1929, and delivered December 6, 1929. The insured died May 14, 1931. On July 14, 1930, asserting December 29, 1929, as the effective date, insured applied for total disability benefits. Defendant thereupon examined him and, in September, 1930, notified him that the policy was not in force and never had been because of concealment and misstatement of facts respecting health. In the same written notice it also informed insured that, if the policy did take effect at all, it elected to rescind the same for fraud, and it tendered to the insured a check for the premium paid, with interest. The insured did not pay the second premium, which became due November 11, 1930, because he was, so he asserted, relieved of this obligation by reason of his disability.

In March, 1931, after holding for some months the check which appellee had sent him, the insured cashed it. The cashing of the check by the insured was under assurance from defendant's agent that it would not affect his rights.

It would unduly extend the length of this opinion if all of the evidence on this phase of the case (the cashing of the check for the amount of the premium and interest) were set forth, for there are two positions taken by defendant in support of the ruling of the court which have not been successfully met, and they alone necessitate an affirmance of the judgment.

Both relate to medical treatment received by the insured. In the application the insured answered certain questions propounded to him as follows:

"8. Have you ever consulted a physician or practitioner for or suffered from any ailment or disease of * * * (Results and, if within five years, name and address of every physician or practitioner consulted.)

"No. * * *

"9. Have you ever had Rheumatism, Gout or Syphilis?

"No.

"10. Have you ever consulted a physician or practitioner for any ailment or disease not included in your above answers?

"No.

"11. What physicians or practitioners, if any, not named above, have you consulted or been examined or treated by within the past five years?

"Name and Address—Dr. Troist, Jackson Blvd. & Michigan Blvd. (If none, say none.)

"Date—One year ago.

"Reason for Consultation, Examination or Treatment and Results—Annual Health Examination. No complaint. No disease found."

The same application contained the following agreement:

"It is mutually agreed as follows: 1. That the insurance hereby applied for shall not take effect unless and until the policy is delivered to and received by the applicant and the first premium thereon paid in full during his lifetime, *and then only if the applicant has not consulted or been treated by any physician since his medical examination;* provided, however, that if the applicant, at the time of making this application, pays the agent in cash the full amount of the first premium for the insurance applied for * * * *and so declares in this application and receives from the agent a receipt therefor on the receipt form which is attached hereto,* * * * then said insurance shall take effect and be in force under and subject to the provisions of the policy applied for from and after the time this application is made, whether the policy be delivered to and received by the applicant or not. 2. That a receipt on the form attached as a coupon to this application form is the only receipt the agent is authorized to give for any payment made before the delivery of the policy. 3. That only the President, a Vice-President, a Second Vice-President, a Secretary or the Treasurer of the Company can make, modify or discharge contracts, or waive any of the Company's rights or requirements; * * *."

The answers above quoted to the questions propounded were false and must have been known to the insured to be false when he made them. Moreover, insured had been examined between the date of his application and the delivery date of the policy. Insured consulted Dr. Herman B. Kipnis on June 14, July 16, November 4, December 1, and December 5, all in the year 1929; and he consulted Dr. Trace, June 25, who diagnosed

the case as dry pleurisy. Insured consulted him again November 12.

On each occasion the insured was suffering, and his condition was serious. He was afflicted with a well-developed case of multiple myeloma—a malignant disease which in mature people attacks the "red bone marrow and destroys that and eats into the bone" causing it to break, upon the patient's sneezing or coughing.

On December 5, the disease had progressed so far that insured had fractured his left clavicle without knowing when or how, and the pains in the chest were such as to cause the doctor to advise him to go to the hospital. Shortly afterwards, there appeared spots and evidence of "absorption" in the skull, several ribs, and the fourth cervical vertebrae. He became totally disabled.

 It is conceded that before a court may take from the jury an issue of false representation made by an insured who is dead, after the insurance company has examined him, passed him, and accepted the premiums by him paid, the evidence must be clear and unequivocal. Before directing a verdict, courts should view the testimony as favorably to the insured as it is legitimately possible.

In the case before us, however, all doubt is removed if we accept the date of the delivery of the policy as the date the policy became effective.

The policy was dated December 2, 1929. It was delivered December 6, 1929. The agreement of the parties set forth in the application provided that the date of the *delivery* of the policy was the effective date unless insured elected otherwise, in which case he was required to (a) pay in cash the full amount of the premium at the time application was made; (b) so declare his desire in the application; and (c) receive from the agent a receipt upon a form attached to the application.

Insured did not sign the written statement. He did not receive a receipt from the agent, and there is no proof that he paid any money when the application was made. Plaintiffs rely upon the statement in the policy which bore date of December 2, 1929, which acknowledged the receipt of the payment of the first premium. This, however, was not the equivalent of the agreement which the parties made whereby insured, if he desired, could make the policy effective on the date of the application.

The policy could have been made effective either on October 22, 1929, or December 6, 1929. Failure to prove the necessary payments, issuance of receipts, etc., made the effective date December 6, the delivery date. In such case, the insured agreed that the policy "shall not take effect unless and until the policy is delivered to and received by the applicant * * * and then only if the applicant has not consulted or been treated by any physician since his medical examination."

There had been medical examinations, and physicians had been consulted during the designated period. Insured consulted not one doctor once, but two doctors on several occasions. He had been advised the day before the policy was delivered to him to go to the hospital. He was a sick man. For these reasons the policy never became effective, and the insurance company, immediately upon obtaining knowledge of the facts, asserted the right to cancel the policy. It tendered back the premium paid and served on insured notice of cancellation of the policy, all before accrual of the statutory and contractual time of incontestability of the policy, and plaintiffs had no enforceable rights against defendant thereafter.

The judgment is affirmed.